Bouldin, J.
delivered the opinion of the court.
The only evidence assailing the validity of the deeds-in the proceedings mentioned from A. H. Cox to TTmharger, and from TTmbarger to the appellees, P. D. Cox and others, children of A. H. Cox, is the evidence, oral and documentary, contained in the record of the case of David Sexton v. A. H. Cox and others, filed as an exhibit with the answer of P. C. Buchanan, Jr.; but that record was referred to also in the bill, and has been read and relied on as evidence throughout the proceedings by both sides, without exception or objection thereto by any of the parties, either in the court below or in this court. It will be regarded, therefore, as evidence in the cause for all purposes. And the court is of opinion, on the record aforesaid, and the pleadings and other proofs in the cause :
1. That the deed from A. H. Cox to Philip TTmbarger of the 10th of May 1842, recorded January 5th, 1843, was not only made without consideration deemed valuable in law, but was fraudulent in fact, having been executed by said Cox with the avowed intent to delay, hinder and defraud his creditors, which intent was known at the time to said Philip TTmbarger; and that said deed was and is, therefore, absolutely void as to all the creditors of said Cox, then existing and subsequent.
2. That the deed of the 17th day of March 1852, from Philip TTmbarger to Philip D. Cox and others, children of said A. H. Cox, having been made in furtherance of the fraudulent intent aforesaid, and without consideration deemed valuable in law, is in like manner void as to all creditors of said A. H. Cox; but that said deeds from A. H. Cox to TTmbarger, and from TTmbarger to Philip D. Cox and others, although void as to the creditors of A. H. Cox, are good between the parties ; and by the latter deed a valid title to all the property thereby conveyed is vested and still remains (except so far as it may have been divested in favor of the credi *338 tors aforesaid, or any of them) in the said Philip D. ^ox others, subject to the claims of the creditors of Sa^ ^0X'
3. That P. 0. Buchanan and James Cox were bona Jide creditors of A. H. Cox, and' by the deed of trust of the 10th of February 1859, from said A. H. Cox to P. Campbell Buchanan, trustee for their benefit, they acquired as against the said Philip D. Cox and others a valid lien on the property thereby conveyed, and were entitled as against them, to satisfaction of their lien aforesaid out of said property.
4. That the appellants, Pratt and Furguson, were bona Jide purchasers of the twenty-six acres of land sold to them by P. Campbell Buchanan, trustee, at a sale regularly made by him as trustee under the deed of trust last mentioned, and that they acquired thereby, and are entitled to hold and be quieted in, a good title to the same, as against the claims of the appellees, Philip D. Cox and others, children of said A. H. Cox.
But as said Philip D. Cox and others are entitled to the land conveyed to them by the said deed of the 17th of March 1852, subject to the just claims of the creditors of said A. H. Cox, and as they have suggested in their bill that there are or may be other creditors whose claims are unsatisfied, and have prayed that an account be ordered of all such claims against the said A. H. Cox as may be chargeable on said land, and that the same be sold and the proceeds applied to the payment of such claims as may be established as aforesaid, and the surplus, if any, be paid over to them; the court- is further of opinion that proper proceedings should have been had in the Circuit court, to convene all such creditors, in order that the amount óf their claims might be ascertained and paid as aforesaid—the surplus paid over to the appellees, P. D. Cox and others, children of A. H. Cox, and an end put to the litigation.
The court is of opinion, therefore, that the decree of *339 the District court is erroneous, and that so much of the decree of the Circuit court of the 5th of April 1861, as conflicts with the principles of this opinion is also erroneous ; and it is decreed and ordered that the said decree of the District court be reversed and annulled, and that so much of the said decree of the Circuit court as conflicts with the principles above declared be also reversed and annulled; and that the appellees, Philip D. Cox and others, children of A. H. Cox, do pay to the appellants their costs in this court and in the District court. And the cause is remanded to the Circuit court of Smyth county to be further proceeded in according to the principles of this decree.
Decree or District and Circuit court reversed.